IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTEVERNICO A. MITCHELL, ) <br> AIS #207110, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> CORIZON MEDICAL, et al.., ) <br> ) <br>     Defendants. ) | CASE NO. 2:17-CV-677-WKW |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Estevernico A. Mitchell, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on October 6, 2017. After reviewing the complaint and finding deficiencies in this pleading, the court determined that Mitchell should be provided an opportunity to file an amended complaint to correct the deficiencies. A detailed order was therefore issued explaining the deficiencies and providing Mitchell specific instructions with respect to filing an amended complaint. *Doc. No. 6* at 1-2. The court specifically cautioned Mitchell that his failure to comply with this order would result in a Recommendation that this case be dismissed. *Id*. at 3.

The time allowed Mitchell to file the amended complaint expired on December 12, 2018. When Mitchell failed to file the amended complaint by this date, the court issued an additional order requiring "that on or before January 23, 2018 [Mitchell] (i) show cause why he has failed to file the amended complaint …, and (ii) file the requisite amended complaint." *Doc. No.* 9. As of the present date, Mitchell has failed to file an amended

complaint as required by this court. In light of Mitchell's failure to file the necessary amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **February 21, 2018**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general

objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 7th day of February, 2018.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge